NORTH JERSEY UTILIZATION AND SEWERAGE DISPOSAL
PLANT. INCORPORATED, RESPONDENT, v. GEORGE
VAN BUSKIRK. CLERK OF THE COUNTY OF BERGEN,
AND BOROUGHS OF DUMONT AND BERGENFIELD,
APPELLANTS.

THE TOWNSHIP OF PALISADES, RESPONDENT. v. GEORGE
VAN BUSKIRK. CLERK OF THE COUNTY OF BERGEN,
AND BOROUGHS. OF DUMONT AND BERGENFIELD,
APPELLANTS.

Argued June 29, 1921—Decided November 14, 1921.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"This writ brings up the order of a justice of the Supreme
Court appointing commissioners under the Eminent Domain
act of 1900 (*Comp. Stat., p.* 2182 *et seq.*), to appraise the
value of lands situate within the township of Palisades and
desired by the two boroughs of Dumont and Bergenfield for
the purpose of a sewerage disposal plant.

"The petition is professedly based upon, and solely upon,
powers contained in the act of 1917, chapter 152 (*Pamph. L.,*
*pp.* 319, 463), commonly known as the Home Rule act, and
especially upon section 1 of article 21, beginning at page 397,
which is too long to quote in full, but which, in general, per-
mits the governing body of any municipality by ordinance to
provide for and construct, among other things, sewerage sys-
tems and disposal works within or without the municipality.
and to acquire by purchase, gift or condemnation, and take
and appropriate in the name of and for the municipality any
land or interest in land that may be needed therefor, within
or without the municipality.  To this, however, is annexed a
proviso that no work shall be undertaken  *  *  *  or land
acquired under this article in another municipality without
the consent of the governing body and the board of health of

such other municipality upon written application being made therefor, and in case of refusal, the section contains a provision for an appeal to the department of health of the State of New Jersey, which shall have power to reverse the decision of the local authorities, &c. Section 12 of article 38 of the act, pages 457, 458, also authorizes two or more municipalities to join in the execution of various public works, including that in question.

"The situation on the facts is a little unusual, because the application of the petitioning municipalities is not simply for the acquisition of an unimproved tract of land upon which it is proposed to build a new sewerage disposal plant, but is for the acquisition of a tract of land upon which such plant has already been constructed. The lands desired are part of the territory occupied by the great army cantonment called Camp Merritt, where, during the period of hostilities in 1917 and 1918, army engineers built a complete disposal plant for the purposes of that camp, and such plant remained *in situ* after the abandonment of the tract for military purposes; so, that if the petitioners acquire the land, they also acquire the disposal plant, unless it should be taken out and removed. In fact, they claim in their petition to have purchased the plant itself separate from the land and that this was legally practicable to be done, in view of certain provisions contained in the lease to the United States by the parties who owned, or claimed to own, the premises at the time the United States occupied it; so that what they asked in the petition was for a valuation of the land separate from the plant. Their claim is denied by the prosecutor, North Jersey Disposal Plant, and the controversy in this aspect might raise some interesting questions if it were necessary to be determined here, but we think it is not, and that we need go no further than to examine the question as bearing on the power of the petitioners to take either the land separate from the plant or land and plant together under the legislation invoked in their petition. In fact, for present purposes, it may be assumed, contrary to the statements in the petition, that they are desiring to ac-

quire both land and the plant installed thereon as part of the real estate.

"Our examination of the case leads to the conclusion that however meritorious practically the scheme may be, and apparently is, of municipalities taking over a ready-made sewerage plant in operating condition, the petitioners, at the time of presenting their petition and of the making of the order appointing the commissioners, had not the power to condemn this property because they had not complied with conditions set forth in the statute as fundamental. Assuming, for present purposes, that section 1 of article 21 is broad enough to cover the acquisition by condemnation of a complete sewerage plant owned by other parties, we are met with the insuperable difficulty that no such property can be acquired in any other municipality without the consent of the governing body and of the board of health of that municipality, or, in case of their refusal, without the reversal of such refusal by the department of health of New Jersey. It is not pretended in this case that the consent of the township of Palisades or of its board of health has been secured; in fact, there is a controversy as to whether such consent was even asked for; but, if so, it does not appear to have been given, the petition stating that an application was made and that no reply had been received. To meet this difficulty, respondents suggest that the proviso is not applicable to the acquisition of a complete sewerage plant, but is directed only to the land on which a future plant is to be constructed. This, however, does not help them because the proviso is fully as broad as the purview of the section, and if the petitioners are not within the proviso, they are not within the purview. Consequently, t'·· are in the dilemma that if the section in question is not broad enough to cover the acquisition by condemnation of an existing plant, they have no power to condemn at all, and if, on the contrary, it is broad enough, they have not acquired the power because of not having complied with the condition. In the case of *Florham Park* v. *Madison*, 78 *N. J. L.* 446, which turned on a very similar statute (*Pamph. L.* 1907, *p.* 707), Mr. Justice Reed, speaking for the Court of Errors and Ap-

peals, said (on *p.* 449) : 'If the above provision is applicable to the proceeding taken by this borough, the power to condemn this land fails because of the refusal of the local authorities of the borough to consent to the location of the disposal plant, and the absence of any reversal of their refusal by the state board of health.' This finding, if in point, as we think it is, is controlling upon us.

"So far as relates to the failure of the prosecutor municipalities to make any answer to the requests for permission, the matter was dealt with by us very recently in the unreported case of West Deptford *v.* Paulsboro, No. 217 of the present term, where we intimated that perhaps *mandamus* might be resorted to, to compel the municipalities, of which permission was asked, to take action one way or the other, either granting or refusing such permission, but that until permission was obtained, either from the municipality or the state department of health, nothing could be done.

"These considerations require that the order appointing the commissioners be set aside."

For the appellants, the boroughs of Dumont and Bergenfield. *Mackay & Mackay.*

For the respondent North Jersey Utilization and Sewerage Disposal Plant, Inc., *Merritt Lane.*

For the respondent township of Palisades, *Archibald C. Hart.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, KALISCH, KATZENBACH, WILLIAMS, GARDNER, JJ.   9.

*For reversal*—None.